Joseph Life, J.
The parties, both over 18 years of age and not yet 21, have asked the court to consent to and approve a *374 separation agreement (Domestic Relations Law, § 170, subds. [6] and [6-a]). The latter subdivision became effective last September 1. So far as we have been able to determine the present application is novel and there is only one reference to it in a reported decision (Matter of Neil M. v. Gregory M., 71 Misc 2d 396, 400), which is not relevant to the matter here under consideration.
The agreement cannot be approved. The agreement together with an affidavit of the parties and a proposed order was submitted by an attorney. Although the agreement recites (par. “ eleventh ”) that it was “fully explained to both parties by their own counsel ”, nowhere does it appear that each was in fact represented and advised by separate counsel. Another reason for withholding approval is paragraph “ seventh ”. This provision contains the agreement for weekly alimony* maintenance and support for the child. Having stated the amount, it goes on to say that it would be reduced by a specified amount whenever the child reaches 21 or marries. Then it recites that in the event the parties were divorced and the wife remarried, that would have no effect on the provision for the support of the child, but we are not told what that would be.
It is not our function to prepare an agreement for the parties. Attention is directed to section 5-311 of the General Obligations Law. This determination, of course, is without prejudice to the renewal of the application.